FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

97 APR 22 PM 1:29

U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHN B. SPEIGNER,  }
  }
    Plaintiff,  }
  }    CIVIL ACTION NO.
vs.  }
  }    CV 97-AR-0064-M
UNITED STATES OF AMERICA,  }
  }
    Defendant.  }

**ENTERED**

APR 2 2 1997

**MEMORANDUM OPINION**

The court has before it numerous motions in the above-entitled action. Having heard oral argument and received briefs on the motions, plaintiff's motion to amend his complaint is due to be granted, and defendant's motions, which include two motions to dismiss, one addressed to the amended complaint and the other deemed to be addressed to the amended complaint, a motion to strike attorney's fee demand and a motion to strike all demands for equitable relief are due to be stayed.

Plaintiff has asserted claims for breach of a clear, non-discretionary duty under the Federal Torts Claims Act ("FTCA"), bad faith under the FTCA and violation of procedural due process. Effectively, plaintiff alleges that the Office of Worker's Compensation Programs ("OWCP") had a clear statutory mandate to reinstate his worker's compensation benefits. In addition,

1

plaintiff alleges that the administrative quagmire he has been involved in, the process of the OWCP, violated and violates his procedural due process rights to the benefits he once received and believes he is entitled to receive again.

Plaintiff has too long been embroiled in the administrative process with the OWCP in an attempt to receive a reinstatement of his worker's compensation benefits.  He has been seeking a resolution for between three and three and half years, which is ridiculous.  It appears that plaintiff applied for reinstatement of his disability benefits soon after they were terminated for the second time in 1993.  Thereafter, he still has not received a final and conclusive ruling from the OWCP.  On or about July, 14, 1995, the Hearing Representative, Janette Hawkins, ruled that plaintiff had established a prima facie entitlement to benefits.  The OWCP, however, made a decision not to award benefits, even though the OWCP's appointed physician concurred with the Hearing Representative that benefits should be awarded.  Subsequently, plaintiff appealed through the administrative process, but on or about January 23, 1997, plaintiff's case was "remanded" for further development of his claim.  Thus, some three to three and half years after plaintiff applied for a reinstatement he has yet to receive a final ruling good or bad, leaving plaintiff in a state of eternal, frustrating flux.

Defendant argues that because the Federal Employee Compensation Act ("FECA") provides the exclusive remedy for federal employee's claims for worker's compensation, and because plaintiff has failed to exhaust his administrative remedies pursuant to FECA, plaintiff's claims are due to be dismissed. Plaintiff argues, however, that he is entitled to benefits, that the OWCP has violated a clear statutory mandate, and that plaintiff's constitutional rights have been violated by failing to provide him with remedies; in fact effectively failing to act for over three years may be a denial of due process. Plaintiff, though he does not articulate it, probably believes that he has already exhausted both himself and his administrative remedies by attempting for over three years to get a final resolution. In fact, plaintiff is probably both physically and mentally drained by the process.

Plaintiff has waited over three years and continues to wait for a final resolution by the OWCP. Given the substantial amount of time plaintiff and his attorney have waited for resolution, it is apparent to this court that plaintiff may very well have viable due process claims, regardless of whether he has a FTCA claim. *See Cleveland Board of Educ. v. Loudermill*, 470 U.S. 532, 547, 105 S. Ct. 1487, 1496 (1985)("At some point, a delay in the post-termination hearing would become a constitutional

3

violation.") (citation omitted); *see also Rodrigues v. Donovan*, 769 F.2d 1344, 1348-49 (9th Cir. 1985)("secretary's [of Labor] considerable delay in deciding Rodrigues' claim" may give rise to a due process violation).

Accordingly, while the court does not express any opinion on the merits of this action, the action will be stayed for a reasonable period of time pending final resolution by the OWCP. In the event the OWCP is unable to issue a final ruling with regard to plaintiff's disability claim within 120 days, plaintiff will be deemed to have exhausted his administrative remedies. A separate and appropriate order to this effect will be entered.

DONE this 22 day of April, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT