**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

JOHN B. SPEIGNER, )
    Plaintiff, )
)
vs. ) Civil Action No. CV97-S-64-M
)
UNITED STATES OF AMERICA, )
    Defendant. )

FILED 97 DEC 19 AM 8:00

ENTERED DEC 1 9 1997

## MEMORANDUM OPINION

This action is before the court on plaintiff's "Motion to Enjoin OWCP from 'Doctor Shopping' as Prohibited by Employees Compensation Appeals Board and by Intent of FECA [and] Motion to Enjoin OWCP from Considering Dr. Kendra's Opinion." Upon consideration of the motion, briefs, and arguments of counsel, the court concludes the motion is due to be denied.

Plaintiff, John B. Speigner, is a United States Postal Service employee who allegedly was injured on the job on August 28, 1983, and, July 24, 1985. (Complaint ¶ 1.) Mr. Speigner commenced this action under the Federal Tort Claims Act (28 U.S.C. § 2674) on January 9, 1997. He alleges the Office of Workers' Compensation Programs of the United States Department of Labor ("OWCP") breached its "clear, non-discretionary legal duty" by refusing to award him disability benefits under the Federal Employees' Compensation Act. He further claims that the OWCP's refusal to award such benefits amounts to bad faith and deprivation of property without due process of law.

John B. Speigner received total disability benefits until June 10, 1994, at which time the OWCP either reduced or discontinued his

benefits.[1] He appealed that decision to an OWCP hearing representative. On July 14, 1995, the representative directed the OWCP to refer Speigner to a board certified specialist to determine if Speigner could perform a light duty assignment with the Postal Service. Accordingly, the OWCP sent Mr. Speigner to Dr. Edward Kissel, who attributed plaintiff's condition to work-related injuries and found that plaintiff could not perform the light duty assignment. The OWCP discounted Dr. Kissel's findings, however, and continued to deny benefits. Mr. Speigner appealed to the Employees' Compensation Appeals Board ("ECAB") on November 22, 1995. His case was remanded on January 23, 1997, after the OWCP admitted that the case was not properly postured for appeal. On remand, the OWCP referred Mr. Speigner to another physician, Dr. Joseph Kendra, who found his condition was not related to on-the-job injuries. Based upon Dr. Kendra's evaluation, the OWCP again denied plaintiff's claim for benefits on July 29, 1997.

John Speigner seeks an injunction prohibiting the OWCP from using Dr. Kendra's report to deny him benefits. He cites no authority for the proposition that this court has the power to enjoin the administrative procedures of the Federal Employee's Compensation Act. Perhaps that is because this court is statutorily prohibited from reviewing the Secretary of Labor's award decisions under that act. 5 U.S.C. § 8128(b).[2] In fact, courts hold that "OWCP determinations of law and fact regarding

---

[1] Plaintiff claims his benefits were terminated. (Plaintiff's brief at 2 ¶ 8.) The report of OWCP hearing representative Jane Hawkins states that his benefits were reduced.

[2] "The action of the Secretary or his designee in allowing or denying a payment under this subchapter is — ... (2) not subject to review by another official of the United States or by a court by mandamus or otherwise."

compensation for federal disability are not reviewable." *Woods v. Runyon*, No. 94-6520, 1995 WL 496655 at *1 (6th Cir. Aug. 17, 1995); *see also Kroggel v. Runyon*, No. 92-1995, 1993 WL 164625 at *3 (7th Cir. May 17, 1993); *Kowal v. Reich*, No. 93-2193, 1994 WL 60468 at *1 (1st Cir. Febr. 25, 1994). Thus, the OWCP's decision to use certain evidence as the basis for its denial is not subject to review, and this court is without jurisdiction to issue the requested injunction.

Even if this court could exercise jurisdiction over the administrative proceedings, plaintiff has not demonstrated that an injunction is necessary. A district court may grant a preliminary injunction if the movant shows:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction were not granted; (3) that the threatened injury to the plaintiff outweighs the harm an injunction may cause to the defendant; and (4) that granting the injunction would not disserve the public's interest.

*Lucero v. Trosch*, 121 F.3d 591, 599 (11th Cir. 1997).

In support of his motion, plaintiff refers to numerous decisions of the Employees' Compensation Appeals Board which hold that:

> where the [OWCP] secures an opinion from an impartial medical specialist to resolve a conflict in the medical evidence, it is improper to send appellant to another medical specialist merely because one of the Office medical advisors disagrees with the conclusion reached by the impartial specialist. Such an action is open to the suspicion that the Office shopped around for the purpose of securing a medical opinion favorable to its view. In light of the fact that the report of [the second doctor] was improperly obtained by the Office, this report will not be given any weight or consideration by the Board and should be subject to the same constraints as imposed in [prior cases].

3

*In re Martin L. Baumgarden*, 37 ECAB 583, 588-89 (1986); *see also In re Carlton L. Owens*, 36 ECAB 608 (1985); *In re David Paul Proulx*, 36 ECAB 618 (1985); *In re Queenie Anderson*, 37 ECAB 661 (1986); *In re Myrtle Pittman*, 38 ECAB 866 (1987); *In re Harold Weisman*, 39 ECAB 961 (1988); *In re Andrew Losh*, 39 ECAB 1070 (1988).

In citing such voluminous authority, plaintiff "doth protest too much." William Shakespeare, *Hamlet* act 3, sc. 2, ln. 242. Those opinions demonstrate that the Employees' Compensation Appeals Board is the appropriate authority to review the propriety of Dr. Kendra's opinion. The ECAB can give as much or as little credence to Dr. Kendra's report as it desires. Plaintiff asks: "Who will stop the documented continuing abuse of sending totally disabled federal employees, including Plaintiff, to a second examining physician when the first treating physician and the examining physician support the claimant?" (Plaintiff's brief at 18.) The answer, as documented by plaintiff's authority, is: "The ECAB." Because the ECAB can remedy the alleged impropriety of Dr. Kendra's report, plaintiff has not demonstrated there is a "substantial threat of irreparable injury," and this court will not issue the requested injunction.

For the foregoing reasons, plaintiff's motion is due to be denied. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this the 19th day of December, 1997.

United States District Judge

4