```
                                              FILED
         UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF ALABAMA
              MIDDLE DIVISION              98 AUG 12 AM 9:07

                                           U.S. DISTRICT COURT
JOHN B. SPEIGNER,              )            N.D. OF ALABAMA
                               )
    Plaintiff,                 )
                               )
vs.                            )  Civil Action No. CV97-S-64-M
                               )
UNITED STATES OF AMERICA,      )           ENTERED  cn
                               )
    Defendant.                 )
                                            AUG 1 2 1998
```

## MEMORANDUM OPINION

Plaintiff, John B. Speigner, is a United States Postal Service employee who alleges that he twice sustained on-the-job injuries: first on August 28, 1983, and again on July 24, 1985. (Complaint ¶ 1.) Speigner received total disability benefits until June 10, 1994, at which time the Office of Workers' Compensation Programs of the United States Department of Labor ("OWCP") either reduced or discontinued his benefits.[1] He appealed that decision to an OWCP hearing representative. On July 14, 1995, the representative directed the OWCP to refer Speigner to a board certified specialist to determine whether he could perform a light duty assignment with the Postal Service. Accordingly, the OWCP sent Mr. Speigner to Dr. Edward Kissel, who attributed plaintiff's condition to work-related injuries and found that plaintiff could not perform the light duty assignment. The OWCP discounted Dr. Kissel's findings, however, and continued to deny benefits. Mr. Speigner appealed to the

---

[1] Plaintiff claims his benefits were terminated (Plaintiff's Brief at 2, ¶ 8), but the report of OWCP hearing representative Jannette Hawkins states that his benefits were reduced. (Defendant's Exhibit F.)

73

Employees' Compensation Appeals Board ("ECAB") on November 22, 1995. His case was remanded on January 23, 1997, after the OWCP admitted that the case was not properly postured for appeal. On remand, the OWCP referred Mr. Speigner to another physician, Dr. Joseph Kendra, who found he could perform the light duty work offered to him, and that his condition was not related to on-the-job injuries. Based upon Dr. Kendra's evaluation, the OWCP again denied plaintiff's claim for benefits on July 29, 1997.

Mr. Speigner commenced this action under the Federal Tort Claims Act, 28 U.S.C. § 2674, on January 9, 1997. He alleges the OWCP breached its "clear, non-discretionary legal duty" by refusing to award him disability benefits under the Federal Employees' Compensation Act. He further claims that the OWCP's refusal to award such benefits amounts to bad faith and deprivation of property without due process of law.

This action presently is before the court on three motions: plaintiff's motion to dismiss his constitutional claims (Count III of his amended complaint); defendant's motion for summary judgment; and, plaintiff's motion for partial summary judgment. Upon consideration of the pleadings, briefs, and evidentiary submissions, the court concludes: plaintiff's unopposed motion to dismiss Count III is due to be granted; defendant's motion for summary judgment is due to be granted; and plaintiff's motion for partial summary judgment is due to be denied.

Plaintiff asserts two claims under the Federal Tort Claims Act ("FTCA"): breach of a "clear, non-discretionary duty under federal law"; and, bad faith denial of his FECA benefits claim. Defendant contends both claims are essentially collateral attacks on the OWCP's denial of benefits under FECA and, therefore, are not reviewable by this court. This court agrees.

The determination of FECA coverage is left to the Secretary of Labor. *See* 5 U.S.C. § 8145 ("The Secretary of Labor shall administer, and decide all questions arising under, this subchapter"); *Woodruff v. United States*, 954 F.2d 634, 639 (11th Cir. 1992). This court ordinarily may not review any decision to allow or deny benefits under FECA:

> (b) The action of the Secretary or his designee in allowing or denying a payment under this subchapter is —
>
> > (1) final and conclusive for all purposes with respect to questions of law and fact; and
> >
> > (2) <u>not subject to review</u> by another official of the United States or <u>by a court by mandamus or otherwise</u>.

5 U.S.C. § 8128(b)(emphasis supplied). Courts considering that provision generally hold that "OWCP determinations of law and fact regarding compensation for federal disability are not reviewable." *Woods v. Runyon*, No. 94-6520, 1995 WL 496655 at *1 (6th Cir. Aug. 17, 1995); *see also Kroggel v. Runyon*, No. 92-1995, 1993 WL 164625 at *3 (7th Cir. May 17, 1993); *Kowal v. Reich*, No. 93-2193, 1994 WL 60468 at *1 (1st Cir. Feb. 25, 1994).

3

This is so even when the Secretary of Labor ultimately <u>denies</u> benefits, as she did here. "So long as the injury is of the type intended to be covered by FECA, the fact that no actual compensation was awarded is irrelevant." *McDaniel v. United States*, 970 F.2d 194, 197 (6th Cir. 1992)(citing *Griffin v. United States*, 703 F.2d 321, 322 (8th Cir. 1983)(*per curiam*). It is undisputed that Speigner's injury is of the type intended to be covered by FECA, because he received benefits under FECA for essentially the same injury until June 10, 1994. Thus, the OWCP's ultimate decision to deny plaintiff disability benefits is not subject to review by this court.

There nevertheless are two instances in which a federal court <u>may</u> exercise jurisdiction over a final decision of the Secretary of Labor under FECA: "The federal courts retain jurisdiction to review charges that the Secretary violated a clear statutory mandate or prohibition, and to consider constitutional claims." *Woodruff*, 954 F.2d at 639. Upon dismissal of Count III of his amended complaint, plaintiff no longer asserts any constitutional claims. Thus, the issue presented by defendant's motion is whether the OWCP's denial of FECA benefits to Speigner violated a "clear statutory mandate or prohibition."

In attempting to meet his burden of producing evidence which creates a triable issue on that point, plaintiff merely recites a myriad of federal statutes and regulations. (*See* Plaintiff's Brief

4

in Opposition at 25-31 (Doc. No. 56).)    Under *Woodruff*, this court's authority is limited to a determination of whether any of the statutes cited by plaintiff "contain[] a clear command that the Secretary or the ECAB has transgressed."   *Woodruff*, 954 F.2d at 640.   This court finds that they do not.

Plaintiff directs the court to no "clear statutory mandate" contained within the statutes and regulations he cites which could support his FTCA claim.   A review of the citations reveals little more than a regurgitation of the regulatory guidelines under which FECA determinations are made.   None of those guidelines mandate that the OWCP must pay benefits to a federal employee in plaintiff's situation, and none provide a basis for finding that the OWCP violated a "clear statutory mandate" when denying Speigner FECA benefits.   Absent such evidence, plaintiff's FTCA claim must fail.   "If a cursory review of the merits reveals that the Secretary did not violate a clear statutory mandate, the case must be dismissed for lack of subject matter jurisdiction."  *Hanauer v. Reich*, 82 F.3d 1304, 1309 (4th Cir. 1996)(citation omitted)(considering application of "clear statutory mandate" exception to Secretary's denial of FECA benefits).

Plaintiff focuses much of his argument in brief on the OWCP's alleged failure to sustain its burden of proof when deciding to terminate his benefits.   Yet, the claims examiner reviewed all medical evidence and concluded that plaintiff was able to perform

5

the light duty work offered him and, accordingly, that he was not entitled to benefits. (*See* Defendant's Exhibit J.) That determination was both squarely within the discretionary authority of the Secretary of Labor, and, outside the ambit of this court's review. *See* 5 U.S.C. § 8145. Indeed, a contrary interpretation of the evidence by this court necessarily presents a direct challenge to the Secretary's exercise of discretion and judgment, a result plainly barred by Congress.

> Congress has conferred on the Secretary [of Labor] absolute authority to enforce and administer FECA. The Secretary "has the 'sole discretionary power' to determine in the first instance" whether to make an award of FECA benefits in a particular case. ... As a result, the Secretary's authority is "precisely the type ... to which deference should presumptively be afforded."

*Woodruff*, 954 F.2d at 640 (quoting *Federal Election Commission v. Democratic Senatorial Campaign Committee*, 454 U.S. 27, 37, 102 S.Ct. 38, 45, 70 L.Ed.2d 23 (1981)(other citations omitted)). This court's task is not "to develop [its] own interpretation" of the the statutes and regulations, "nor is it to choose the best of two competing interpretations." *Id.* Moreover, there can be no liability under FTCA for

> [a]ny claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). Thus, even if plaintiff's FTCA claim was properly before the court, the "discretionary function" rule bars

liability under the FTCA for the denial of FECA benefits. For the foregoing reasons, this court concludes it lacks subject matter jurisdiction over this action. Accordingly, plaintiff's FTCA claims are due to be dismissed.

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this the 11th day of August, 1998.

_____
United States District Judge

7